**ALEXANDER KRAKOW + GLICK LLP**
J. Bernard Alexander, III (State Bar No. 128307)
Britt L. Karp (State Bar No. 278623)
1900 Avenue of the Stars, Suite 900
Los Angeles, California 90067
T: (310) 394-0888 | F: (310) 394-0811
E: balexander@akgllp.com | bkarp@akgllp.com

Attorneys for Plaintiff
MICHAEL ASFALL

VENESSA F. MARTINEZ, Assistant General Counsel II, SBN 229174
venessa.martinez@lausd.net
NARMINE SHAHIN, Assistant General Counsel II, SBN 281588
narmine.shahin@lausd.net
LOS ANGELES UNIFIED SCHOOL DISTRICT
OFFICE OF GENERAL COUNSEL
333 S. Beaudry Avenue, 20th Floor
Los Angeles, CA 90017
Telephone: (213) 241-7600
Facsimile: (213) 241-3308

Attorney for Defendant
LOS ANGELES UNIFIED SCHOOL DISTRICT

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MICHAEL ASFALL, an individual,<br><br>         Plaintiff,<br>   vs.<br><br>LOS ANGELES UNIFIED SCHOOL DISTRICT, a California public entity, and Does 1-10, inclusive,<br><br>         Defendants. | CASE NO.: 2:18-cv-00505-CBM (RAOx)<br><br>Assigned to Hon. Consuelo B. Marshall<br>Courtroom: 8B<br><br>[~~PROPOSED~~] **PRE-TRIAL CONFERENCE ORDER**<br><br>Pre-trial Conference: August 13, 2019<br>Trial: September 17, 2019 |

Doc# 718859             [~~PROPOSED~~] PRE-TRIAL CONFERENCE ORDER

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

## 1. THE PARTIES AND PLEADINGS

The parties are: Plaintiff Michael Asfall ("Plaintiff") and Defendant Los Angeles Unified School District ("Defendant").

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are: Plaintiff's First Amended Complaint [ECF Doc. 14] and Defendant's Answer to First Amended Complaint [ECF Doc. 18].

## 2. JURISDICTION

Federal jurisdiction and venue are involved upon the grounds: under 28 U.S.C. § 1331, and 28 U.S.C. §§ 1391(b)(1), (b)(2), and (c).

## 3. TRIAL DURATION

The trial is estimated to take 5-7 days.

## 4. JURY TRIAL

The trial is to be a jury trial.

Plaintiff and Defendant shall serve and file proposed jury instructions as required by L.R. 51-1 and any special questions requested to be asked on voir dire by no later than September 10, 2019. *Statement of the Case*

## 5. ADMITTED FACTS

Defendant admits that Plaintiff's termination was an adverse action.

## 6. STIPULATED FACTS

The following facts, though stipulated, shall be without prejudice to any evidentiary objection:

1. HTPA is located on the campus at Los Angeles Harbor College.
2. During Mr. Asfall's time coaching the girls' varsity soccer team, he established a record of top performance / achievement.

3. The girls' varsity soccer team was the CIF LACS division III champions two years in a row while Mr. Asfall was coach.

4. Basketball and Soccer were the only winter teams at Harbor Teacher Preparatory Academy.

5. On January 26, 2017, Oscar Godoy called for a meeting attended by all of the coaches and Athletic Director Brian Groven.

6. There was a physical altercation outside the room where the meeting took place.

7. Coach Asfall and Coach McClain were terminated from their employment with Harbor Teacher Preparation Academy ("HTPA").

## 7. PARTIES' CLAIMS AND DEFENSES

**Plaintiff's Claims:**

(a) Plaintiff plans to pursue the following claims against Defendant:

**Claim 1:** Defendant retaliated against Plaintiff for complaining about discrimination against the girls' soccer team in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 et seq. ("Title IX"); and

**Claim 2:** Defendant retaliated against Plaintiff as a whistleblower in violation of Cal. Labor Code § 1102.5.

(b) The elements required to establish Plaintiff's claims are:

**1. Plaintiff's Title IX Claim**

The plaintiff seeks damages against the defendant for retaliation. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1. plaintiff opposed an unlawful employment practice, discriminatory treatment of the women's (girl's) soccer program; and

2. the employer subjected plaintiff to an adverse employment action, termination of his employment; and

Doc# 718859

3

[PROPOSED] PRE-TRIAL CONFERENCE ORDER

3. plaintiff was subjected to the adverse employment action of termination because of his opposition to an unlawful employment practice.

A plaintiff is "subjected to an adverse employment action" because of his opposition to an unlawful employment practice if the adverse employment action would not have occurred but for that opposition.

See Ninth Circuit Model Civil Jury Instruction 10.8.

### 2. Plaintiff's State Law Retaliation Claim

"The elements of a [Civil Code] section 1102.5(b) retaliation cause of action require that (1) the plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate, nonretaliatory explanation for its acts, and (3) the plaintiff show this explanation is merely a pretext for the retaliation." Patten a Grant Joint Union High Sch. Dist., 134 Cal. App. 4th 1378, 1384 (Cal. Ct. App. 2005).

(c) Key Evidence Relied On By Plaintiff For Each Claim:

### 1. Plaintiff's Title IX Claim

Plaintiff Mike Asfall will testify that, beginning in the summer of 2015, he complained about funds that were missing from the women's soccer program. (Dkt. No. 63-2 (Asfall Decl.) at ¶ 4.) Plaintiff believed that the men's (boy's) basketball program was being given preferential treatment and repeatedly voiced his complaints to school officials. (Id.) Mr. Asfall complained about the women's (girl's) soccer team being denied access to bathrooms after "away" games; inferior treatment regarding buses provided for transportation to and from "away" games; inadequate practice facilities; inadequate and unsatisfactory uniforms and equipment; unequal game scheduling. Plaintiff's complaints gave rise to a January 26, 2017 coaches meeting, which focused on favoritism of the boys' basketball program to the detriment of other programs, including the girls' soccer program, and misappropriation of funds raised specifically for the girls' soccer team.

Coach Asfall has and will testify that he voiced complaints about the disfavored treatment of the girls' soccer team, including missing and mismanagement

of funds collected for the girls' soccer team, to the following individuals: HTPA School Principal Jan Murata, Athletic Director Brian Groven, and Sr. Financial Manager Lowell Owens. Further, the proximity in time between the January 26, 2017 meeting where complaints were voiced by Plaintiff concerning favoritism of the boys' basketball program and missing funds raised for the girls' soccer program, and Mr. Asfall's suspension and termination the next day, suggests a causal relationship. *Yartzoff v. Thomas*, 809 F.2d 1371, 1376 (9th Cir. 1987).

The undisputed adverse action is that Plaintiff was suspended and then terminated. (Defendant disputes whether the suspension was an adverse action.)

The Defendant will argue that Mr. Asfall was terminated as part of a "zero tolerance" policy for fighting, due to Plaintiff's involvement in an altercation between the boys' basketball coach on January 26, 2017. (Defendant will not argue that Plaintiff was terminated as part of a "zero tolerance" policy for fighting.) However, other coaches equally involved in the same altercation were neither terminated nor disciplined in the immediate aftermath. (See, e.g. Dkt. No. 63-3 (Carbajal Decl.) at ¶ 5; Dkt. No. 63-5 (Godoy Decl.) at ¶ 5.) No formal investigation was conducted. Instead, statements were obtained from individuals who witnessed the altercation. A majority of the witness statements suggest that Coach Asfall was acting as a peacemaker, in defense of himself and others, and that the basketball coach was the aggressor. (See, e.g., Carbajal Decl. at Exh. 1, Godoy Decl. at Exh. 1.)

Plaintiff will also rely on the following exhibits: Classified Substitute Unsatisfactory Report signed by Ms. Murata (Exh. 5, Bates ASFALL 000001); Email from Brian Groven re: soccer playoffs (Exh. 25, Bates LAUSD 135); Email re: membership drive winner (Exh. 26, Bates LAUSD 131); Email from Brian Groven re: playoff sites (Exh. 24, Bates LAUSD 133-134) and the LAUSD Code of Conduct for Interscholastic Coaches (Exh. 33).

2. **Plaintiff's State Law Retaliation Claim**

Coach Asfall's state law retaliation claim is based on the same evidence as will

be offered for his Title IX.

**Defendant's Affirmative Defenses:**

    (a)    Defendant plans to pursue the following affirmative defenses:

**1.    Statute of Limitations**

Some of Plaintiffs allegations of discriminatory conduct by LAUSD are outside the applicable statute of limitations. Defendants will rely upon the First Amended Complaint, Government Tort Claim, emails, and testimony of the Parties regarding dates upon which any alleged complaints were made by Mr. Asfall.

**2.    Lack of Intent**

LAUSD will introduce evidence that there was no discriminatory intent by any decision maker at the District when the decision was made to terminate Plaintiff.

Defendant LAUSD will introduce evidence that Plaintiff did not engage in an activity protected under Title IX, because any complaint Plaintiff made to LAUSD was regarding "funding issues." Plaintiff did not make any complaints to LAUSD that could have reasonably been construed as complaints or opposition to intentional discrimination against the girls' soccer team. Plaintiff's complaints regarding funding issues were related to his claims that basketball got more resources than the soccer program. Further, each of Plaintiff's alleged complaints were a result of Plaintiff's misunderstanding of the funding processes and procedures at LAUSD. Further, Plaintiff's complaints were unsupported by any facts. Plaintiff admitted in his deposition that he does not have any knowledge of how the accounting procedures worked and was guessing at whether or not there was any transfer of soccer funds to the boys' basketball program. According to his own writings, Plaintiff did not ask for the meeting on January 26, 2017. Plaintiff testified he did not speak during the meeting on January 26, 2017, negating the claim that he was fired for his speech on the date of that meeting. Further, Plaintiff was re-hired by the next soccer coaching season by LAUSD.

Plaintiff's termination was also a result of his prior bullying behavior and

failures to follow procedures related to running the girls' soccer program.

Defendant LAUSD will introduce evidence that there is no causal link between Plaintiff's termination and any funding complaints. Both the Principal and Athletic Director were supportive of Plaintiff for years during the period of time that Plaintiff was making funding complaints. Plaintiff had a history of bullying other faculty and failing to abide by the LAUSD Code of Conduct and procedures for running an athletic teach.

LAUSD will introduce evidence that Plaintiff did not utilize the Title IX complaint procedure nor did any other coach at HTPA.

Defendant will rely upon the records kept by Mr. Groven, evaluations, the Government Tort Claim, emails, statements of the witnesses to the altercation, statements by Plaintiff, testimony of witnesses and discovery responses.

### 3. Failure to Exhaust Applicable Administrative Remedies

Based on Plaintiff's recent declarations and deposition testimony (that he did not ask for the January 26, 2019 meeting, and did not speak at the meeting) Plaintiff's Government Tort Claim fails to substantially comply with Government Code§ 910, *et. seq.* Plaintiff's failure to substantially comply with the Government Tort Claim filing requirements renders his Labor Code § 1102.5 claim fatally defective.

Defendant will rely upon the Government Tort Claim, First Amended Complaint, and Plaintiff's Opposition to the Motion for Summary Judgment.

### 4. After Acquired Evidence

LAUSD learned after Plaintiffs termination that he had been involved in a previous altercation with a student before being employed by the District. Defendant will rely upon the testimony of Plaintiff and of Bill Barlow.

### 5. Legitimate Business Reasons

If Plaintiff proves that he engaged in a protected activity (complaints regarding gender discrimination), and that those complaints were a motivating factor in his

termination, LAUSD is not liable if it proves by clear and convincing evidence that the District would have discharged Plaintiff anyway at that time, for legitimate, independent reasons.

See, CACI 4602. Affirmative Defense- Same Decision. (California Government Code§ 8547.) This instruction is applicable only to the Labor Code § 1102.5 Claim.

With respect to Plaintiff's Title IX claim, Defendant may prove their defense of a legitimate business reason (aka same action defense) for Plaintiff's termination by a preponderance of the evidence. *Desert Palace, Inc., dba Caesars Palace Hotel & Casino v. Costa* (2003) 539 U.S. 90.

a. The criterion by which the termination decision was job-related,
b. The criterion by which the termination decision was made is consistent with business necessity.

See Ninth Circuit Model Civil Jury Instruction 12.10 (2017).

Defendant LAUSD will introduce evidence that it had a legitimate, nonretaliatory reason for terminating Plaintiff's employment with LAUSD. The District will introduce evidence that the decision to terminate Plaintiff for his participation in the altercation was a result of his prior history and the level of participation in the physical altercation based on the witness statements. The altercation occurred on campus in front of students, parents and faculty. It is undisputed that Plaintiff participated in the altercation. Defendant will introduce evidence of Plaintiffs prior bullying and aggressive behavior towards staff and students.

Defendant will rely upon the records kept by Mr. Groven, evaluations, the Government Tort Claim, emails, statements of the witnesses to the altercation, statements by Plaintiff, testimony of witnesses and discovery responses, the incident report, testimony of witnesses.

8. **DISCOVERY**

All discovery is complete with the exception of Defendant taking the deposition of Plaintiff's wife and potentially subpoenaing Plaintiff's therapist, Earl Gardner. Defendant contends that if the testimony of the late disclosed expert and wife of Plaintiff is allowed, Defendant should have the opportunity to present a rebuttal witness.

## 9. DISCLOSURES AND EXHIBIT LIST

All disclosures under Fed. R. Civ. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List"). Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit Nos. 40, 41, 45, 46, 53, 54, 55, 58, 59, 62, 63, 71, 72, 74, 82, 84, 85, 86, 87, 90, 92, 93, 94, 95, 96, 99, 100.

Defendant objects to Exhibit No. 35, and any other document intended to be introduced at trial that has not been previously produced in discovery. The objection to Exhibit No. 35 is the subject of two Motions in Limine.

The Plaintiff's objections and ground therefore are:

Exh. 40 - Uniform Complaint Procedure and Form; Bul 5159.7

Objection: Relevance. Not in effect till after termination.

Response: Defendant will introduce evidence that the procedures had been in place at the time of Plaintiff's employment at HTPA.

Exh. 41 - Educational Equity Compliance Office

Objection: Relevance. Not in effect till after termination.

Response: Defendant will introduce evidence that the procedure was in place at the time of Plaintiff's employment at HTPA.

Exh. 45 - Statement (Solomon)

Objection: Hearsay

Response: The statement is introduced by Defendant, not for the truth of the

matter asserted, but for the state of mind of those at LAUSD who participated in the decision to terminate Coaches Asfall and McClane.

Exh. 46 - Statement (McClain)

Objection: Hearsay

Response: The statement is introduced by Defendant, not for the truth of the matter asserted, but for the state of mind of those at LAUSD who participated in the decision to terminate Coaches Asfall and McClane.

Exh. 53 - Statement, Student (LAUSD 45)

Objection: Hearsay. Declarant not identified.

Response: The statement is introduced by Defendant, not for the truth of the matter asserted, but for the state of mind of those at LAUSD who participated in the decision to terminate Coaches Asfall and McClane.

Exh. 54 - Statement, Student (LAUSD 46)

Objection: Hearsay. Declarant not identified.

Response: The statement is introduced by Defendant, not for the truth of the matter asserted, but for the state of mind of those at LAUSD who participated in the decision to terminate Coaches Asfall and McClane.

Exh. 55 - Claim for Damages, July 19, 2017

Objection: Relevance. Lack of foundation.

Response: The statement is introduced by Defendant, as it is a pre-requisite to filing his Labor Code 1102.5 claim. It is a statement against interest authored by a person authorized to do so on Plaintiff's behalf. The document is also a public record.

Exh. 58 - Exit Interview for Coaches (03/21/2014)

Objection: Relevance. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 59 - Exit Interview for Coaches (03/19/2016)

     <u>Objection:</u> Relevance. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

     Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 62 - "Issues with Coach Mike Asfall" Notes by Groven (LAUSD 102-107.)

     <u>Objection:</u> Hearsay. Relevance. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

     Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 63 - 2015-2016 Coaches Journal

     <u>Objection:</u> Hearsay. Relevance. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

     Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 71 - Email Chain: "Gershon"

     <u>Objection:</u> Hearsay. Relevance. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

     Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 72 - Handwritten Notes: Groven (LAUSD 144 – 146)

     <u>Objection:</u> Hearsay. FRE 403: Prejudice, Confusion, Waste of Time (Subject of Plaintiff's MIL No. 1)

     Response – Document is relevant to state of mind; evidence of prior complaints and the nature of the complaints; intent of Groven and Murata.

     Exh. 74 - LAUSD Employee Code of Ethics

     <u>Objection:</u> Hearsay. Lacks foundation

1  Response – Document is relevant to state of mind; not necessarily offered for
2  the truth of the matter asserted; relevant as to evidence of prior complaints and the
3  nature of the complaints and the intent of Groven and Murata. Foundation will be
4  laid.
5        Exh. 82 - Email from Brian Groven to Lowell Owens (01/14/2016) regarding
6  Baseball Field Rental at LAHC (2683, et al.)
7        <u>Objection</u>: Hearsay.
8        Response – Document is relevant to state of mind; not necessarily offered for
9  the truth of the matter asserted; relevant as to evidence of prior complaints and the
10 nature of the complaints and the intent of Groven and Murata. Foundation will be
11 laid.
12       Exh. 84 - Emails from Groven to Coaches Re Ordering Uniforms (05/19/2016)
13 (2707, 2709)
14       <u>Objection</u>: Hearsay. Lacks foundation
15       Response – Document is relevant to state of mind; not necessarily offered for
16 the truth of the matter asserted; relevant as to evidence of prior complaints and the
17 nature of the complaints and the intent of Groven and Murata. Foundation will be
18 laid.
19       Exh. 85 - Email Re Asfall Non Return of Property (2713, et al.)
20       <u>Objection</u>: Hearsay. Relevance. FRE 403: Prejudice, Confusion, Waste of
21 Time (Subject of Plaintiff's MIL No. 1)
22       Response – Document is relevant to state of mind; not necessarily offered for
23 the truth of the matter asserted; relevant as to evidence of prior complaints and the
24 nature of the complaints and the intent of Groven and Murata. Relevant to legitimate
25 business reason for the termination / same result. Foundation will be laid.
26       Exh. 86 - Email Re Baseball Field Rental (Lowell) (2683)
27       <u>Objection</u>: Hearsay. Lacks foundation
28       Response – Document is relevant to state of mind; not necessarily offered for

1  the truth of the matter asserted; relevant as to evidence of prior complaints and the
2  nature of the complaints and the intent of Groven and Murata. Relevant to legitimate
3  business reason for the termination / same result. Foundation will be laid.

4      Exh. 87 - Email Re "Payment" (March 2, 2016) (LAUSD 2726, et al.)
5      <u>Objection</u>: Hearsay. Lacks foundation
6      Response – Document is relevant to state of mind; not necessarily offered for
7  the truth of the matter asserted; relevant as to evidence of prior complaints and the
8  nature of the complaints and the intent of Groven and Murata. Relevant to legitimate
9  business reason for the termination / same result. Foundation will be laid.

10      Exh. 90 - Email from Murata to Contreras (02/02/2017) (LAUSD 2851)
11      <u>Objection</u>: Hearsay. FRE 403: Prejudice, Confusion, Waste of Time (Subject
12  of Plaintiff's MIL No. 1)
13      Response – Document is relevant to state of mind; not necessarily offered for
14  the truth of the matter asserted; relevant as to evidence of prior complaints and the
15  nature of the complaints and the intent of Groven and Murata. Relevant to legitimate
16  business reason for the termination / same result. Foundation will be laid.

17      Exh. 92 - Emails Re: Application for Permit (2014) (LAUSD 2893, et seq.)
18      <u>Objection</u>: Hearsay.
19      Response – Document is relevant to state of mind; not necessarily offered for
20  the truth of the matter asserted; relevant as to evidence of prior complaints and the
21  nature of the complaints and the intent of Groven and Murata. Relevant to legitimate
22  business reason for the termination / same result. Foundation will be laid.

23      Exh. 93 - Email from Angel Hansen to Murata (January 14, 2015) (LAUSD
24  2996)
25      <u>Objection</u>: Hearsay. FRE 403: Prejudice, Confusion, Waste of Time (Subject
26  of Plaintiff's MIL No. 1). Fed. R. Civ. P. 37(c)(1) (not identified in discovery).
27      Response – Document is relevant to state of mind; not necessarily offered for
28  the truth of the matter asserted; relevant as to evidence of prior complaints and

nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid. Documents were produced in response to supplemental discovery responses that Plaintiff has never alleged were not received until Plaintiff's counsel authored this document.

Exh. 94 - Email from Martha Contreras to Terri Lyons (LAUSD 3036)

<u>Objection</u>: Hearsay. Foundation. Fed. R. Civ. P. 37(c)(1) (not identified in discovery).

Response – Document is relevant to state of mind; not necessarily offered for the truth of the matter asserted; relevant as to evidence of prior complaints and the nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid. Documents were produced in response to supplemental discovery responses that Plaintiff has never alleged were not received until Plaintiff's counsel authored this document.

Exh. 95 - Email from Murata Re: Certificates for Girls Soccer Team (LAUSD 3109, 3110, 3111)

<u>Objection</u>: Hearsay. Foundation. Fed. R. Civ. P. 37(c)(1) (not identified in discovery).

Response – Document is relevant to state of mind; not necessarily offered for the truth of the matter asserted; relevant as to evidence of prior complaints and the nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid. Documents were produced in response to supplemental discovery responses that Plaintiff has never alleged were not received until Plaintiff's counsel authored this document.

Exh. 96 - Email regarding payment for Soccer and Basketball Games (01/20/2017) (LAUSD 3118, 3119)

Objection: Hearsay. Foundation. Fed. R. Civ. P. 37(c)(1) (not identified in discovery).

Response – Document is relevant to state of mind; not necessarily offered for the truth of the matter asserted; relevant as to evidence of prior complaints and the nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid. Documents were produced in response to supplemental discovery responses that Plaintiff has never alleged were not received until Plaintiff's counsel authored this document.

Exh. 99 - Financial Records 7/1/2016 to 06/30/2017

Objection: Hearsay. Lacks foundation

Response – Document is relevant to state of mind; not necessarily offered for the truth of the matter asserted; relevant as to evidence of prior complaints and the nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid.

Exh. 100 - Financial Record 07/01/2017 to 06/30/2018

Objection: Hearsay. Lacks foundation

Response – Document is relevant to state of mind; not necessarily offered for the truth of the matter asserted; relevant as to evidence of prior complaints and the nature of the complaints and the intent of Groven and Murata. Relevant to legitimate business reason for the termination / same result. Foundation will be laid.

**10.  WITNESS LISTS**

Witness lists of the parties have been filed with the Court.

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment). Defendant reserves the right to call witnesses identified in the Initial Disclosures by both Parties, as well as witnesses identified in discovery by both parties. Further, Defendant reserves the right to call witnesses that are discovered as a result of the newly disclosed witnesses: Dr. Earl Gardner and

Toni Williams Asfall.

Further, Defendant objects to the testimony of Lowell Owens as a Person Most Qualified regarding financial matters at Harbor Teacher Preparatory Academy as he was only one of two witnesses identified by the District to fill that role. Lowell Owens was not the financial manager at the relevant time period. The financial manager at the relevant time period was Hasmick Baghramian who Plaintiff has been aware of since the outset of this litigation.

**11. MOTIONS IN LIMINE**

The following motions *in limine* are pending or contemplated:

1. Plaintiff's Motion in Limine No. 1 to Preclude Evidence of Alternative Bases for Plaintiff's Termination-- Plaintiffs purported acts of prior bullying and aggressive behavior towards staff and students.

2. Plaintiff's Motion in Limine No. 2 to Preclude Student Witness Statements Where the Identity of the Individual Declarants Has Been Withheld by the LAUSD.

3. Defendant's Motion in Limine No. 1 for an Order Excluding Evidence Produced After the Fact and Expert Discovery Cut-off Deadlines.

4. Defendant's Motion in Limine No. 2 to Preclude Plaintiff from Offering Evidence and Argument Relating to Issues Which Have Been Resolved by Summary Judgment entered by this Court on July 22, 2019.

5. Defendant's Motion in Limine No. 3 to Excluded Any and All Evidence of Whistleblowing Related to Plaintiff's California Labor Code 1102.5 Claim At Trial.

6. Defendant's Motion in Limine No. 4 to Preclude Plaintiff From Referring to Lowell Owens as the Person Most Knowledgeable at HTPA Re: Financial Matters at the Relevant Time Period.

7. Defendant's Motion in Limine No. 5 to Preclude Plaintiff from Introducing Evidence that He Made Complaints of Title IX Discrimination To Any

Person not Identified In Plaintiff's First Amended Complaint.

## 12. BIFURCATION

Dependent on the Court's ruling on the Motions in Limine, Defendant may move to bifurcate whether Plaintiff's Labor Code 1102.5 claim should be dismissed based on the failure to file a Government Code Tort claim that substantially complied with the requirements of Government Code § 910, et. al.

## 13. ADMISSIONS

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

    1.    Plaintiff's termination was an adverse employment action.

    2.    Plaintiff participated in the physical altercation on January 26, 2017 with    other coaches.

DATED: 9/10/19

_____
HONORABLE CONSUELO B. MARSHALL
UNITED STATES DISTRICT COURT JUDGE

Approved as to form and content:

Dated: August 30, 2019        ALEXANDER KRAKOW + GLICK LLP


By: s/ J. Bernard Alexander, III
    J. Bernard Alexander, III
    Britt L. Karp

Attorneys for Plaintiff MICHAEL ASFALL


Dated: August 30, 2019        LOS ANGELES UNIFIED SCHOOL
                                            DISTRICT OFFICE OF GENERAL COUNSEL


By: /s/ Venessa F. Martinez
    Venessa F. Martinez

Attorney for Defendants LOS ANGELES UNIFIED SCHOOL DISTRICT, JAN MURATA, and BRIAN GROVEN